UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

---

| | |
|---|---|
| In Re: | |
| **RAMON GLEN SAUNDERS,** **CHRISTINA VAL SAUNDERS,** | **Bankruptcy Case** **No. 10-04189-JDP** |
| **Debtors.** | |

---

### MEMORANDUM OF DECISION
---

The Court has reviewed Trustee's Final Report, Dkt. No. 20, Trustee's

Application for Compensation and Reimbursement of Expenses, Dkt. No. 21, and

Trustee's Affidavit in Support of Trustee's Fee and Expenses, Dkt. No. 26, all filed

by chapter 7 trustee Jeremy Gugino ("Trustee").  On the basis of these

submissions, the Court finds that reasonable compensation for Trustee's services

as trustee in this case is not more than $800.00.    See 11 U.S.C. §§  326(a),

330(a)(1) and (7); In re B&B Autotransfusion Services, Inc., 443 B.R. 543 (Bankr.

D.Idaho 2011).   Reimbursement of all requested expenses will be approved.

This appears to be a simple consumer bankruptcy case in which the assets administered by Trustee consisted of income tax refunds voluntarily and promptly surrendered by Debtors to Trustee.  From the various submissions, including Trustee's Final Report and his Affidavit, Trustee performed a modest amount of services investigating Debtors' financial affairs, conducting the creditor's meeting, examining, but not objecting to any of the eight proofs of claim filed by creditors, and completing and filing his final accounting documentation and distribution documents.   From Trustee's submissions, while all services for which compensation is sought appear to have been appropriate and necessary in this case, it is impossible for the Court to discern which services were performed by Trustee, and which were performed by members of his non-professional staff.  In addition, regardless of who performed these tasks, many are in the nature of routine case processing, and administrative and clerical services.   As a result, Trustee's request for compensation in the amount of $1,253.85, the maximum amount allowed under 11 U.S.C. § 326(a), has not been shown to be a reasonable one as required by 11 U.S.C. § 330(a).  Thus, while all

MEMORANDUM OF DECISION - 2

the services documented in Trustee's affidavit would appear to have actual,

necessary and competently performed, on this record, the Court finds and

concludes that a reduced, more reasonable amount of compensation in the

amount of $800.00 should be approved for Trustee in this simple, "tax refund"

case.

If Trustee would like an opportunity to submit additional, non-cumulative

information, evidence, or argument in support of his fee application, he should

contact the Court's calendar clerk to schedule a hearing, not to exceed one hour

in duration.   If Trustee so prefers, he may instead submit a revised Order

approving the Final Report with the revised amount for trustee's compensation,

which order may be entered without further notice or hearing.

Dated:  June 28, 2011

Honorable Jim D. Pappas
United States Bankruptcy Judge

MEMORANDUM OF DECISION - 3